IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,179






EX PARTE CHARLES TIMOTHY ELROD, Applicant






ON APPLICATION FOR A WRIT OF HABEAS CORPUS


FROM ANGELINA COUNTY






 Per Curiam.


O P I N I O N 




 This is a post-conviction application for a writ of habeas corpus forwarded to this
Court pursuant to Tex. Code Crim. Proc. art. 11.07, § 3, et seq.. Applicant was convicted
of the felony offense of burglary of a habitation, and punishment was assessed at twenty-five
years' confinement. No direct appeal was taken.

 Applicant contends, inter alia, that he was denied his right to appeal because his
retained appellate counsel did not file a notice of appeal. The trial court entered findings of
fact and conclusions of law finding that applicant never retained appellate counsel, and 
recommending that applicant be denied an out-of-time appeal. We disagree. Tex. Code
Crim. Proc. art. 26.04 (j) (2), requires appointed counsel to "represent the defendant until
charges are dismissed, the defendant is acquitted, appeals are exhausted, or the attorney is
relieved of his duties or replaced by other counsel". The duty to perfect an appeal attaches
whether counsel is appointed or retained. See Ex parte Axel, 757 S.W.2d 369 (Tex. Crim.
App. 1988). Applicant believed that he had retained appellate counsel, and counsel accepted
money in exchange for the filing of a motion for a new trial. Knowing that applicant wanted
to appeal, counsel had the duty to give timely notice of appeal, unless relieved by the trial
court or replaced by other counsel.

 Habeas corpus relief is granted and applicant is granted an out-of-time appeal from
his conviction in cause number CR-23361-A from the 159th District Court of Angelina
County. The proper remedy in a case such as this is to return applicant to the point at which
he can give notice of appeal. For purposes of the Texas Rules of Appellate Procedure, all
time limits shall be calculated as if the conviction had been entered on the day that the
mandate of this Court issues. We hold that applicant, should he desire to prosecute an
appeal, must take affirmative steps to see that notice of appeal is given within thirty days
after the mandate of this Court has issued.

 

DO NOT PUBLISH

DELIVERED: May 18, 2005